UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:14-CR-443 |
| Plaintiff - Respondent, | : | |
| vs. | : | OPINION AND ORDER |
| | : | [Resolving Docs. 38, 39] |
| DANA F. WILLIAMS, | : | |
| Defendant - Petitioner. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant-Petitioner Dana F. Williams challenges the computation of his sentence. Williams asks this Court to award him federal sentencing credit for time spent in the state of Ohio's custody.[1] The government opposes Williams's motion.[2]

For the following reasons, this Court **DENIES** Defendant-Petitioner Williams's motion.

### I. Background

On December 17, 2014, Defendant-Petitioner Williams was indicted with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[3] He pleaded guilty with a plea agreement on February 25, 2015.[4] With limited exceptions, the plea agreement contained an appellate and collateral attack waiver.[5] On June 4, 2015, this Court sentenced Williams to 46 months incarceration.[6] Williams states that he received credit for time served in federal custody.

In September 2014, Williams was indicted for felonious assault with a firearm, Specification 1, in the Summit County Court of Common Pleas.[7] He pleaded guilty on July 6,

---

[1] Doc. 38.
[2] Doc. 39.
[3] Doc. 1.
[4] Doc. 19.
[5] Doc. 20.
[6] Doc. 25.
[7] *See* Summit County Court of Common Pleas Docket No. CR 2014-09-2719.

Case No. 5:14-cr-443
Gwin, J.

2015.[8] He pleaded guilty to the state charge after he had already been sentenced on the federal charge.

The state court sentenced Williams to thirty-six months incarceration.[9] The state judge ordered that Williams serve his state sentence concurrently with the federal sentence.[10] The state judge also awarded Williams credit for time spent in federal custody.[11]

On February 9, 2017, Defendant-Petitioner Williams moved this Court to adjust his sentence.[12] Williams argues that he is entitled to federal credit for time served in state custody prior to his federal conviction.[13] The government argues that this Court should dismiss Williams's motion because (1) he waived the right to appeal his sentence in his plea agreement and (2) his motion is time barred.[14]

## II. Discussion

As an initial matter, the Court rejects the government's argument that Defendant-Petitioner Williams waived his right to bring this motion. Williams's plea agreement precludes him from appealing or collaterally challenging his sentence, with limited exceptions.[15] The government argues that Williams' motion to receive credit for time in state custody is an impermissible appeal of his sentence.[16] But the plea agreement's waiver provision does not apply here. Williams is neither appealing his sentence to this Court nor making a § 2241 habeas petition. Instead, he is moving to correct the computation of his sentence.

---

[8] Doc. 38-2 at 1.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 2.
[12] Doc. 38.
[13] *Id.*
[14] Doc. 39 at 3-6.
[15] Doc. 20 at 5-6.
[16] Doc. 39 at 5-6.

-2-

Case No. 5:14-cr-443
Gwin, J.

Nevertheless, Williams's motion fails on the merits because this Court lacks jurisdiction to grant him the relief that he seeks. Under Federal Rule of Criminal Procedure 35(a), courts may correct "arithmetical, technical, or other clear [sentencing] error" within fourteen days after sentencing.[17] This Court sentenced Williams on June 4, 2015.[18] He did not file a motion to recompute his sentence until February 5, 2017.[19] This Court therefore cannot review Williams's sentencing correction motion under Rule 35(a).

Moreover, at this stage, the issue of sentencing credit is a matter for the Bureau of Prisons (BOP). Congress delegated the authority to make credit determinations to the executive branch: "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."[20] This Court therefore lacks the authority to grant Williams credit for time served in state custody prior to his federal sentence.[21]

Federal regulations afford prisoners administrative review of their credit computations.[22] Prisoners like Williams may only seek judicial review of those computations after exhausting their administrative remedies.[23] Defendant-Petitioner Williams's request for sentencing credit is not properly before this Court.

---

[17] Fed. R. Crim. P. 35(a).
[18] Doc. 25.
[19] Doc. 38.
[20] *United States v. Wilson*, 503 U.S. 329, 334-35 (2002).
[21] *See id.*
[22] *See* CFR §§ 542.10-542.16 (2017).
[23] *Wilson*, 503 U.S. at 335.

-3-

Case No. 5:14-cr-443
Gwin, J.

## III. Conclusion

For the foregoing reasons, this Court **DENIES** Defendant-Petitioner Williams's motion.

IT IS SO ORDERED.


Dated: March 23, 2017    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE